UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA COLON,

    Plaintiff,

v.　　　　　　　　　　　　　　　　CASE NO.:

AETNA RESOURCES LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELA COLON, by and through undersigned counsel, brings this action against Defendant, AETNA RESOURCES LLC ("Defendant"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3) and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

### PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates a healthcare services business in Tampa, located in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA and FMWA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and FMWA.

11. Defendant continues to be an "employer" within the meaning of the FLSA and FMWA.

12. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s) and FMWA.

13. At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s) and FMWA.

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

## FACTS

15. Plaintiff began working for Defendant in September 2000, she became a Complaint and Appeal Analyst in June 2006 and she worked in this capacity until July 2019.

16. Plaintiff was paid on an hourly basis.

17. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

18. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

19. Plaintiff was employed by Defendant for 19 years.

20. Plaintiff was routinely required to perform work duties outside of her regularly scheduled hours.

21. Plaintiff would log into Defendant's computer system to complete audits and other assigned work.

22. In June 2019, an audit of the system was done and it was determined by Plaintiff's Supervisor that she had been doing work within the system while her time card showed she was not working during that time.

23. Plaintiff has performed work in this manner since 2006, and has not been compensated for the work she performed.

24. Plaintiff was often asked by her Supervisor to perform tasks and complete assignments at night after her scheduled hours and on weekends.

25. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA and FMWA.

## COUNT I – FLSA OVERTIME VIOLATION

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

29. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c) An equal amount to Plaintiff's overtime damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT II – FLORIDA MINIMUM WAGE ACT

30. Plaintifs realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

31. Plaintiff has exhausted all of her administrative and pre-suit requirements under Fla. Stat. § 448.110.

32. During the statutory period, Defendant did not pay Plaintiff the applicable Florida minimum wage, as Defendant was required to do under Section 24, Article X of the Florida Constitution as well as the FMWA.

33. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiffs demand:

    (a)    A jury trial for all issues so triable;

    (b)    That process issue and that this Court assert jurisdiction over these claims;

    (c)    Judgment against Defendant for an amount equal to Plaintiff's unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

    (d)    Judgment against Defendant, stating that its violations of the FMWA were willful;

(e) Liquidated damages in an amount equal to Plaintiff's unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

(f) To the extent that liquidated damages are not awarded, an award of prejudgment interest;

(g) A declaration that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

(h) All costs and attorneys' fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 9th day of December, 2019.

Respectfully submitted,

/s/ Steven C Wenzel for

DONNA V. SMITH
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**