1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is made and entered into by and between Aetna Resources LLC ("Aetna") and Angela Colon ("Colon") (Aetna and Colon are together referred to herein as the "Parties" and singularly as "Party").

WHEREAS, Colon was employed by Aetna from approximately September 2000 through July 2019; and

WHEREAS, in a letter dated October 9, 2019 ("Demand"), through her attorney, Colon claimed that Aetna improperly compensated her during her employment in violation of the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA"); and

WHEREAS, on December 9, 2019, Colon filed a Complaint in the United States District Court, Middle District of Florida, Tampa Division, *Colon v. Aetna Resources LLC*, Case No. 8:19-cv-03007-VMC-AAS ("Lawsuit"); and

WHEREAS, on January 8, 2020, the Parties filed a Joint Motion to Stay Proceedings pending arbitration; and

WHEREAS, on January 8, 2020, the Court entered an Order granting the Parties' Joint Motion to Stay Proceedings; and

WHEREAS, Aetna denies liability herein and any wrongdoing with respect to Colon, her employment, compensation, and any actions it has taken relating to Colon; and

WHEREAS, entry into this Agreement in no way reflects any change in Aetna's position that it denies all liability and any wrongdoing in this matter; and

WHEREAS, following exchanges of information by counsel for the Parties and several discussions and  emails between counsel, Colon agrees that following her receipt of the agreed upon Settlement Sum (discussed below), she will be fully compensated for all hours she claims

Initial

to have worked for Defendant without proper compensation, an equal sum of liquidated damages, and attorneys' fees and costs; and

WHEREAS, this settlement therefore provides Colon with full compensation for her FLSA and FMWA[1] claims, and no compromise is involved; and

WHEREAS, Colon's attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Colon; and

WHEREAS, Colon has voluntarily agreed to dismiss the Lawsuit and any related matters, with prejudice; and

WHEREAS in this Agreement, the Parties intend to resolve the claims alleged in the Demand, Lawsuit, and any other claims Colon has, might have, or believes she has against the Released Parties (as defined below), up through the date that Colon executes this Agreement; and

WHEREAS, the Parties have resolved these matters and wish to avoid the disruption and expense of litigation; and

WHEREAS, Colon affirms that as of the date she signs this Agreement, she is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Colon under this settlement, Colon agrees to (i) indemnify, defend and hold

2



Initial

harmless the Released Parties (as defined below) from any action relating to medical expenses of Colon, (ii) reasonably cooperate with the Released Parties upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim for which Colon is required to indemnify the Released Parties (as defined below) under this Paragraph, and (iii) waive any and all future actions against Released Parties (as defined below) for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed by and between Colon and Aetna that any and all matters that have been and/or could have been raised by Colon regarding her employment with or compensation by Aetna, and/or relationship with any Released Party (as defined below), are hereby resolved as follows:

1.      **Recitals.**  The foregoing recitals are true and correct and are incorporated herein by this reference.

2.      **Consideration.**  In consideration for the execution by Colon of this Agreement and her compliance with the promises made herein, Aetna shall pay Colon the sum of Fifteen Thousand Dollars and No Cents ($15,000.00) ("Settlement Sum"). The Settlement Sum will be allocated as follows:

---

[1] Although Colon did not notify Aetna of, among other items, the minimum wage to which she claimed to be entitled as required by Fla. Stat. Section 448.110, through this settlement, the Parties settle all of Colon's claims, including her unripe FMWA claim.

3

Initial

- Three Thousand Six Hundred Thirty-Nine Dollars and Seventy-Seven Cents ($3,639.77), minus all applicable withholdings and deductions, such amount representing consideration for settlement of any and all claims, asserted and unasserted, for lost and/or unpaid wages, and such amount to be reported on a Form W-2 to Colon.

- Three Thousand Six Hundred Thirty-Nine Dollars and Seventy-Seven Cents ($3,639.77), for liquidated damages, for which an IRS Form 1099 will be issued to Colon.

- Five Hundred Dollars and One Cent ($500.01), such amount representing consideration for the general release, confidentiality, non-disparagement, and future employment provisions, and other promises set forth in this Agreement, for which an IRS Form 1099 will be issued to Colon.

- Seven Thousand Two Hundred Twenty Dollars and Forty-Five Cents ($7,220.45), for attorneys' fees and costs, payable to Wenzel Fenton Cabassa, P.A., on Colon's behalf, for which an IRS Form 1099 will be issued to Wenzel Fenton Cabassa, P.A. (Tax ID No.: 26-3957624) and to Colon.

    a.    These checks shall be sent to Colon care of her attorney, Donna Smith, Wenzel Fenton Cabassa, P.A., 1110 North Florida Avenue, Suite 300, Tampa, FL 33602, within thirty (30) days of the *later* of the following: the date upon which Aetna's counsel, Theresa Waugh, receives a properly executed Agreement from Colon; the effective date of this Agreement pursuant to Paragraph 8.d herein; the date upon which Aetna's counsel, Theresa Waugh, receives properly executed Forms W-9 and W-4 from Colon; the date upon which Aetna's counsel, Theresa Waugh, receives a properly executed Form W-9 from Colon's attorney; *or* the date upon which the Court enters final judgment following dismissal of the Lawsuit with prejudice.

    b.    Such Settlement Sum shall be paid in resolution of all claims Colon has, might have, or believes she has against the Released Parties (as defined below) as of the date of

4


Initial

this Agreement. Such Settlement Sum shall be inclusive of any attorneys' fees and costs Colon may have incurred in connection with the Demand and Lawsuit.

c.     Aetna makes no representation as to the taxability of the amounts to be paid to Colon. Colon agrees to pay federal, state, or local taxes, if any, which are required by law to be paid by her with respect to the Settlement Sum. Moreover, Colon agrees to indemnify Aetna and hold it harmless from any interest, taxes, or penalties assessed against Aetna by any governmental agency as a result of Colon's non-payment of taxes on any amounts paid to Colon under the terms of this Agreement.

3.     **No Consideration Absent Execution of this Agreement.**  Colon understands and agrees she would not receive the consideration specified herein except for her execution of this Agreement and the fulfillment of the promises contained herein. Colon also agrees that the consideration specified in this Agreement is sufficient to support the promises in this Agreement. Colon specifically agrees that the consideration set forth herein represents full compensation for all of the claims asserted in the Lawsuit and Demand, including but not limited to her allegations under the FLSA and FMWA.

4.     **Properly Paid For All Time Worked During Employment.**  Colon knowingly, voluntarily and freely agrees and acknowledges that as of this Agreement, she has been properly compensated for all time worked during her employment with Aetna and she is owed no wages or compensation whatsoever from Aetna or any Released Party, as defined below, whether for overtime, regular wages, bonuses, or otherwise.

5


Initial

5.    **General Release of Claims.**

a.    This Agreement shall constitute a waiver and release of any and all claims Colon has, might have, or believes she has, against Aetna, its affiliates, subsidiaries, business units, parent companies, owners, and managing members (including, but not limited to Aetna Inc., CVS Pharmacy, Inc., CVS Health Corporation) and all of their affiliates, insurers, independent contractors, management companies, joint employers, predecessors, successors and assigns, past, present, and future, and their respective owners, officers, directors, executives, managers, members, managing members, employees, representatives, agents, attorneys, shareholders, trustees, joint venturers, partners, heirs, executors, administrators, servants, predecessors, successors and assigns, past, present and future (referred to collectively as "Released Parties" and singularly as "Released Party") as of the date of the execution of this Agreement, whether such claims arise or could arise under federal, state, administrative, or local law.

b.    Colon, on behalf of herself and her heirs, executors, administrators, successors, representatives, agents, and assigns, knowingly and voluntarily releases and forever discharges Released Parties from any and all claims that Colon, her heirs, executors, administrators, successors, representatives, agents, and assigns have or may have as of the date of the execution of this Agreement, including, but not limited to, any claims arising from or relating to her employment with Aetna, compensation by Aetna, relationship with any Released Party, any alleged violation of:

(i)    The Fair Labor Standards Act;

(ii)    The Florida Minimum Wage Act;

6

Initial

      (iii)     The Florida Constitution;

      (iv)    The Family and Medical Leave Act of 1993;

      (v)     The Florida Civil Rights Act of 1992;

      (vi)    The Age Discrimination in Employment Act of 1967 ("ADEA");

      (vii)   Title VII of the Civil Rights Act of 1964;

      (viii)  The Americans with Disabilities Act;

as each of the foregoing has been or may be amended, and any and all claims arising under or relating to any other federal, state, administrative, or local statute, law, rule, or regulation, and/or the common law, including, without limitation, claims for retaliation, breach of contract, unpaid wages, intentional and negligent infliction of emotional distress, discrimination, misrepresentation, negligence, defamation, constructive termination, and any and all other claims, including any and all claims for attorneys' fees and costs. This Paragraph does not apply to any claims that arise exclusively out of facts, situations, events, statements, or other occurrences that commence or take place after the date this Agreement is executed by Colon or to any claims that controlling law clearly states cannot be released by private agreement.

      c.     Colon shall withdraw and dismiss, with prejudice, the Lawsuit, and any and all actions or proceedings that she has or might have commenced against any Released Party. Specifically, Colon agrees to take all necessary steps to secure the dismissal of all of her claims against Aetna and any Released Party, with prejudice, including filing any required documents and taking all other actions necessary to secure the total and complete dismissal of the Lawsuit with prejudice. Colon confirms that other than the Lawsuit, she currently has no claims, complaints, charges, or proceedings pending in any court, administrative agency, commission or



other forum relating directly or indirectly to her employment with Aetna or relationship with any Released Party.

d.     Colon agrees to indemnify and hold Released Parties harmless from any loss, cost, damage or expense (including attorneys' fees) incurred by any Released Party if any Released Party has to seek to enforce this Agreement or use it as a defense in any proceeding against Colon and prevails in doing same.

6.     **Mutual Cooperation.**  The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to taking such actions as may reasonably be necessary to implement the terms of the Agreement.

7.     **No Prior Assignments**.  Colon warrants that she is not a party to a pending bankruptcy and is not aware of any current or pending liens, levies, encumbrances or other third-party obligations that may be implicated by the payment of the Settlement Sum and agrees to indemnify and hold Aetna harmless from and against any claim, demand, damages, debt, liability, account, reckoning, obligation, cost, expense, lien, action and cause of action (including the payment of attorneys' fees and costs actually incurred whether or not litigation is commenced) based on, in connection with, or arising out of any such bankruptcy, lien, levy, encumbrance, or other third-party obligation. Colon further represents, covenants and warrants she has not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged herein.

8.     **Opportunity to Review.**  Pursuant to the Older Workers Benefit Protection Act of 1990, Colon acknowledges that:

8



Initial

     a.    Aetna advises her to consult with an attorney before signing this Agreement;

     b.    she understands that she does not waive rights or claims that may arise after the date this Agreement is executed;

     c.    she has been given twenty-one (21) days to consider this Agreement, and she has requested that the Agreement be executed as of the date she voluntarily decides to execute it;

     d.    she may revoke this Agreement within seven (7) days of signing it by sending notice of revocation to Theresa Waugh, Littler Mendelson, P.C., twaugh@littler.com. To be effective the notice of revocation must be received by Ms. Waugh by 12:00 a.m. on the eighth calendar day after Colon signs the Agreement. The Agreement will not be effective until the revocation period has expired.  If the last day of the revocation period is a Saturday, Sunday or legal holiday in Florida, then the revocation period shall not expire until the next day which is not a Saturday, Sunday or legal holiday.

9.    **Confidentiality/Non-disparagement.**

     a.    This Agreement shall not be disclosed and shall remain forever confidential, except when required to enforce this Agreement or where this Agreement will be used as a defense.

     b.    Colon warrants that she has not disclosed any of the terms of this Agreement, or the negotiations or discussions related to this Agreement, to anyone other than her attorney.  Colon agrees not to disclose any information regarding the existence or substance of this Agreement, or the discussions leading up to and relating to this Agreement, except to an

9


Initial

attorney with whom Colon chooses to consult regarding her consideration of this Agreement, her spouse, and/or tax advisor. With respect to any individuals referred to herein and to whom Colon discloses any information regarding this Agreement or its terms, Colon agrees she will inform such individuals that the information is strictly confidential and may not be reviewed, discussed or disclosed, to any other person, organization or entity whatsoever, at any time.  Upon inquiry by any person or entity, Colon agrees that she is limited by this Agreement to responding that "All claims against Aetna have been resolved."

c.　　Colon agrees that she will not make statements that are in any way disparaging or negative toward Released Parties, Released Parties' services, or Released Parties' representatives or employees. Nothing in this provision shall prevent Colon from exercising rights under Section 7 of the National Labor Relations Act and/or other rights set forth in Paragraph 14 below.

d. Notwithstanding the confidentiality and non-disclosure obligations in this Agreement and otherwise, Colon understands that as provided by the Federal Defend Trade Secrets Act, Colon will not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret made: (1) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney, and solely for the purpose of reporting or investigating a suspected violation of law; or (2) in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

10.　　**Future Employment.**

a.　　In further consideration for the payments set forth in this Agreement, Colon agrees not to apply for employment or attempt to enter into a contractual relationship to


Initial

perform work or other services of any kind in the future for Aetna, its parent companies, subsidiaries, and/or affiliates (including, but not limited to Aetna Inc., CVS Pharmacy, Inc., CVS Health Corporation and their affiliates), and Colon agrees not to seek damages or any other remedy or relief for their failure or refusal to employ her in any capacity or to contract with her after the date of this Agreement. Colon acknowledges that the promises in this Agreement are adequate consideration for Aetna, its parent companies, subsidiaries, and/or affiliates (including, but not limited to Aetna Inc., CVS Pharmacy, Inc., CVS Health Corporation and their affiliates), to reject any application for employment and/or attempt to enter into a contractual relationship.

    b.  Colon agrees that if she unknowingly applies for a position and/or attempts to enter into a contract described above, and is offered or accepts a position or enters into a contract, the offer may be withdrawn, Colon may be terminated immediately, and/or the contract may be terminated, without notice or cause. Colon further agrees that, in the event of such a withdrawal and/or termination, she waives any right to seek legal or administrative redress of any kind for events relating to the withdrawal or termination.

    11.  **Governing Law and Severability.** This Agreement shall be governed by the laws of the State of Florida without giving effect to principles of conflicts of law. Should any provision of this Agreement be declared illegal or unenforceable by a court of competent jurisdiction and/or arbitrator and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

    12.  **Nonadmission of Wrongdoing.** Colon agrees that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time

11


Initial

or for any purpose as an admission by Aetna or any Released Party of any liability or unlawful conduct of any kind.

13.     **Interpretation of Agreement.**   Counsel for both Parties participated in the preparation of this Agreement. In the interpretation or enforcement of this Agreement, there shall be no presumption that any provision should be more strictly construed in favor of or against any Party.

14.     **No Interference with Rights.**   Colon understands that nothing in this Agreement shall be construed to: limit or affect Colon's right to challenge the validity of this Agreement under the Older Workers Benefit Protection Act and/or ADEA; prohibit Colon from filing a charge or complaint with, or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Equal Employment Opportunity Commission, the Florida Commission on Human Relations, the Securities and Exchange Commission, or any other federal, state or local agency charged with the enforcement of any laws, including providing documents or other information; or prevent her from exercising her rights under Section 7 of the National Labor Relations Act to engage in protected, concerted activity with other employees. Colon understands that by signing this Agreement, she is waiving her right to recover any individual relief (including back pay, front pay, reinstatement or other legal or equitable relief) in any charge, complaint, lawsuit, or other proceeding brought by Colon or on her behalf by any third party,  except for any right she may have to receive a payment or award from a government agency (and not the Released Parties) for information provided to the government agency. Colon further understands that nothing herein shall be construed to prohibit Colon from (a) challenging Aetna's failure to comply with its promises to make payment or comply with the other promises


Initial

in this Agreement; (b) asserting her right to any vested benefits under ERISA-covered employee benefit plans as applicable on the date Colon signs this Agreement; and/or (c) asserting any claim that cannot lawfully be waived by private agreement.

15.     **Workplace Injury/Leaves of Absence.**  Colon acknowledges she did not suffer any workplace injury or illness as of the date of this Agreement that has not been fully resolved.

16.     **Notice of Violations.** Colon  acknowledges and agrees she has provided Aetna with notice of any and all concerns regarding suspected ethical and compliance issues or violations on the part of any Released Party and that she has not received any unfair treatment as a result of that notice.

17.     **Cooperation.**  Unless prohibited from doing so by law or court order, Colon agrees to inform David P. Mason, Senior Legal Counsel - Labor and Employment, David.Mason@CVSHealth.com, 401-770-9474, within five (5) calendar days if any person or entity, other than a federal, state or local agent or agency, contacts her, including via a subpoena, in an effort to obtain information, documents or testimony about Aetna, Colon's employment with Aetna, and/or this Agreement, **prior** to disclosing any such information and to disclose the name of the person or entity contacting Colon and the information, documents or testimony requested. This does not include, however, information Colon provides to a future employer as part of an application for employment.

18.     **Amendment.**  This Agreement may not be modified, altered or changed except upon express written consent by Aetna and Colon wherein specific reference is made to this Agreement.

13



Initial

19.  **Counterparts.**  This Agreement may be executed in counterparts and, if so executed, each such counterpart shall have the force and effect of an original. A facsimile signature or signature scanned and sent by electronic mail shall have the same force and effect as an original signature.

20.  **Binding Nature of Agreement.** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each Party and to its respective heirs, administrators, representatives, executors, successors, and assigns.

21.  **Entire Agreement.**  The undersigned each acknowledge and represent that no promise or representation not contained in this Agreement has been made to them and acknowledge and represent that **except as noted below** this Agreement is the sole agreement between the Parties, and all other agreements or negotiations leading up to this Agreement shall not be considered enforceable for any reason. This Agreement shall have no effect whatsoever on any agreement made previously between Colon and Aetna (a) requiring Colon to arbitrate workplace  disputes; (b) concerning any obligations of Colon to maintain as confidential Aetna information; (c) concerning any obligations of Colon not to compete with Aetna; or (d) concerning any obligations of Colon not to solicit the customers or employees of Aetna. Any such agreements, to the extent they exist, remain in full force and effect and are incorporated into this Agreement by reference.

COLON ACKNOWLEDGES SHE HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE. COLON ACKNOWLEDGES SHE HAS

14



Initial

CONSULTED WITH HER ATTORNEY, DONNA SMITH, AND SIGNS THIS AGREEMENT KNOWINGLY, FREELY AND VOLUNTARILY.

HAVING ELECTED TO EXECUTE THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SUMS AND BENEFITS SET FORTH ABOVE, COLON FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST AETNA, ITS AFFILIATES, SUBSIDIARIES, BUSINESS UNITS, PARENT COMPANIES, OWNERS, AND MANAGING MEMBERS (INCLUDING, BUT NOT LIMITED TO AETNA INC., CVS PHARMACY, INC., CVS HEALTH CORPORATION) AND ALL OF THEIR AFFILIATES, INSURERS, INDEPENDENT CONTRACTORS, MANAGEMENT COMPANIES, JOINT EMPLOYERS, PREDECESSORS, SUCCESSORS AND ASSIGNS, PAST, PRESENT, AND FUTURE, AND THEIR RESPECTIVE OWNERS, OFFICERS, DIRECTORS, EXECUTIVES, MANAGERS, MEMBERS, MANAGING MEMBERS, EMPLOYEES, REPRESENTATIVES, AGENTS, ATTORNEYS, SHAREHOLDERS, TRUSTEES, JOINT VENTURERS, PARTNERS, HEIRS, EXECUTORS, ADMINISTRATORS, SERVANTS, PREDECESSORS, SUCCESSORS AND ASSIGNS, PAST, PRESENT AND FUTURE, ARISING PRIOR TO THE EXECUTION OF THIS AGREEMENT.


Initial

Dated: __4/ 8__, 2020.

_Angela Colón_

**ANGELA COLON**

Dated: April 14 , 2020.

**AETNA RESOURCES LLC**

By: David. P. Mason
Its: Senior Legal Counsel

17