```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

ANGELA COLON,

    Plaintiff,

v.                                    Case No. 8:19-cv-3007-T-33AAS

AETNA RESOURCES, LLC,

    Defendants.
_____/

### ORDER

This matter is before the Court pursuant to the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. # 18), filed on May 7, 2020. The Court grants the motion.

**I.   Background**

Plaintiff Angela Colon filed this case against her former employer, Aetna Resources, LLC, on December 9, 2019, alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act. (Doc. # 1). On December 27, 2019, the Court issued its FLSA Scheduling Order. (Doc. # 10). The case was subsequently referred to arbitration and stayed pending completion of the arbitration process. (Doc. # 12).

1

On April 15, 2020, the parties filed a Joint Stipulation of Dismissal with Prejudice stating that they reached a settlement agreement prior to commencing the arbitration process. (Doc. # 14). The Court rejected the stipulation of dismissal, and, at the Court's direction, the parties now seek approval of the settlement. (Doc. ## 15, 18).

II. **Discussion**

Colon alleges that Aetna violated the overtime provisions of the FLSA. (Doc. # 1). Aetna denies "any wrongdoing with respect to Colon, her employment, compensation, and any actions it has taken relating to Colon." (Doc. # 18-1 at 2). Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

The parties have reached a settlement wherein it was agreed that Colon will receive $3,639.77 in wages, $3,639.77 in liquidated damages, and $500.01 in consideration for a general release, confidentiality, non-disparagement, and future employment provisions in the settlement agreement, for a total of $7,779.55. (Doc. # 18 at 2). Colon "agrees that upon receipt of the agreed upon settlement sum, she will be fully compensated for all hours she claims to have worked for

2

[Aetna] without proper compensation." (Id. at 3). The parties have also agreed that Colon's counsel will receive $7,220.45 in attorney's fees and costs. (Id. at 2).

Previously, the Court entered an order requesting additional information concerning the amount of attorney's fees claimed by Colon. (Doc. # 20). Colon has now responded to that order. (Doc. # 21).

Colon has submitted billing records reflecting that her attorney, Donna V. Smith, billed Colon for 37.9 hours of her time at a rate of $450 per hour, yielding a total of $17,055.00 in attorney's fees. (Doc. # 21-1). Several hours of associate attorney time were also logged but not billed in this matter. (Id.).

The billing records support the parties' representation that counsel engaged in "multiple communications and an extensive sharing of information" beginning in late December 2019, which culminated in the parties' settlement agreement on March 24, 2020. (Doc. # 18 at 1-2). Ms. Smith also billed for time spent drafting court filings, communicating with Colon, and preparing settlement documents. (Doc. # 21-1). But despite incurring $17,055.00 in attorney's fees in this matter, Colon's counsel "agreed to accept $6,750.00 to cover the fees incurred through the date that [Colon] files her

3

dismissal with the Court," with the remaining funds consisting of $470.45 in costs. (Doc. # 18 at 5).

Aetna has not objected to the amount of attorney's fees or costs as agreed upon in the settlement agreement. Additionally, in the Joint Motion for Approval of Settlement, the parties represent that they agreed on the amount of attorney's fees and costs "separately and without regard to the amount [Aetna] will pay [Colon]" for the alleged FLSA violations. (Id. at 5).

Although the amount of attorney's fees is high relative to Colon's recovery, the Court notes that Colon's counsel will receive substantially less than the amount of attorney's fees actually incurred. Furthermore, under the settlement, Colon will be fully compensated for all hours she claims to have worked without proper compensation.

In summary, with this additional information, the Court is satisfied that the settlement agreement "is a fair and reasonable resolution of a bona fide dispute." Lynn's Food Stores, 679 F.2d at 1355. Accordingly, the Court approves the compromise reached by the parties and grants the motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. # 18) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of May, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE